*C. W. HOYT, RESPONDENT, v. R. H. W. SAUN-      [345]
DERS, APPELLANT.

REFERENCE — NEW TRIAL.—Where the report of a referee disclosed some hesita-
tion and doubt in arriving at the conclusions of fact, and after the report had
been made up, but before it was filed, the defendant applied to the referee for
leave to introduce newly discovered evidence, which was refused, from a doubt
as to his power—he, at the same time, intimating to the Court, in a supple-
mental report, that if such newly discovered evidence had been adduced on the
trial, the result would probably have been different: Held, under the circum-
stances, it was error in the Court below to refuse a new trial.

APPEAL from the Sixth Judicial District.

This was an action brought by the plaintiff Hoyt, against
the defendants Saunders & Richardson, to recover the sum
of $1,702, with costs and damages, being the amount of a
promissory note given by Richardson in the name of Saun-
ders & Richardson, after the dissolution of said firm. The
defendant Saunders, answered separately, denying all re-
sponsibility on the said note. By consent of parties, the
case was referred to H. O. Beatty, Esq., to report on all the
questions of law and fact in the premises. On the 6th of
October, 1853, the case came on for trial before the referee.
After an examination of the case, the referee reported the
facts found by him, and then proceeds: "The referee comes
to the following conclusions of law: 1st. When the note
was given, the defendant Richardson, had no authority to
sign the name of Saunders to the note, consequently, as to
Saunders, it was a void instrument. 2d. That Saunders, at
a subsequent day to the execution of the note, made it his
own, by becoming the partner of Richardson in the en-
gagement of the purchase, and by doing such acts as tended
to show the plaintiff that he affirmed the purchase of the
house (for which the note was given), and his entire failure
to apprise the plaintiff that the note was given in his name
without authority. 3d. The referee also reported, that in

[346]   his opinion, if *Saunders was not liable on the note,
he should be held liable for the reasonable value of
the house, and that for that purpose the plaintiff should be
allowed to amend his complaint.

On the 8th of October, 1853, defendant, after notice to
plaintiff, moved the referee—his report not having been
filed in Court—to open the case for the purpose of admit-
ting newly discovered evidence, which the defendant did not
know and could not have introduced on the trial, laying the
necessary grounds by affidavit, etc., and setting forth the
nature of the evidence. The referee overruled the motion
to open the case and admit the newly discovered evidence,
to which the defendant excepted. The referee, in view of
the application, made the following supplementary report:

"The referee in the above entitled case, reports, that after
the foregoing report had been written and signed by him,
the defendant Saunders, filed an affidavit, which is returned
into Court, with this supplemental report, setting forth the
discovery of more testimony, which, if it had been intro-
duced in time, and had satisfactorily explained and shown
that the lumber spoken of was really sold to Richardson
*previous* to its being used in the house, would probably
have changed the conclusion of the referee as to the affirm-
ance of the note by Saunders. The referee having heard
the case, and written out and signed his opinion, doubts his
authority to re-open the case and admit new testimony,
without the authority of the Court, and submits to the hon-
orable Court the question as to the propriety of so doing,
and asks the order and direction of the Court in the prem-
ises—all of which is respectfully reported.
                                        "H. O. BEATTY, Referee."

The defendant moved the Court to remand the case to the
referee, with instructions to admit the newly discovered evi-
dence, which was refused by the Court, and the defendant
excepted.

Defendant also excepted to the report and decision of the
referee, and moved the Court to set aside the same and

grant him a new trial, on this ground, among others, viz : "Newly discovered evidence, material for said defendant Saunders, which he could not, with reasonable diligence, have discov -*ered and produced at the trial."   [347] The Court overruled the motion for a new trial, and ordered judgment to be entered on the report of the referee; to which action of the Court the defendant also excepted, and appealed to this Court, assigning the said action of the referee and Court, for error.

*Burnett & Gass,* for Appellant.

No brief of argument in the case among the papers.

*Smith & Hardy,* for Respondent.

1.   The referee exercised a sound discretion in refusing to admit the alleged newly discovered evidence, after the case had been closed before him. Proceedings before a referee are to be conducted according to legal rules.   The report of a referee is to be reviewed in the same manner as if made by the Court.   (Practice Act, Comp. Laws, p. 352.)

2.   Admitting the referee erred, the Court will not remand the cause for new trial, where the verdict must necessarily be the same, as in this case.   If substantial justice has been done, the Court will not order a new trial, although error appear on the record.   ( 1 Scam. 490; 2 Ib. 350; 3 Ib. 18; 1 Gilman, 475.)

3.   The position of appellant's counsel, that an *express* ratification would be necessary, is not good law, because it is clearly settled that in all cases of doubtful authority, authority may be *implied* from the acts of the party charged. (14 Wend. *Gansevort,* v. *Williams.*)   But we do not rely on the subsequent ratification as a new agreement, but as evidence of original authority in Richardson.

The opinion of the Court was delivered by Mr. Ch. J. MURRAY.   Mr. J. HEYDENFELDT concurred.

We are of opinion that the District Court should have granted a new trial in this case, on the ground of newly discovered evidence.

The report of the referee discloses some hesitation and doubt in arriving at the conclusions of fact, and his [348] supplemental re- *port shows that, if such newly discovered evidence had been adduced on the trial, the result, in all probability, would have been different. Under such circumstsnces, the ends of justice would be better preserved by a new trial.

Ordered accordingly.

Respondent petitioned for a rehearing, which was denied.